Melissa J. Fassett, SBN 135290
*mjf@ppplaw.com*
Timothy E. Metzinger, SBN 145266
*tem@ppplaw.com*
PRICE, POSTEL & PARMA LLP
200 East Carrillo Street, Fourth Floor
Santa Barbara, California 93101
Telephone:(805) 962-0011
Facsimile: (805) 965-3978

Attorneys for Defendant NuSil Technology LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BARBARA SANCHEZ, | Case no.: 2:20-cv-03329 |
|---|---|
| Plaintiff, | **DEFENDANT NUSIL TECHNOLOGY LLC'S NOTICE OF REMOVAL OF COMPLAINT PURSUANT TO 28 U.S.C. §1332(D) (DIVERSITY)** |
| vs. | |
| DOES 1 through 100, INCLUSIVE, | |
| Defendants. | [Filed Concurrently with Declarations of Melissa Fassett and Stacy Broad, Civil Cover Sheet, Notice of Interested Parties] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant NuSil Technology LLC ("NuSil), through undersigned counsel, hereby removes Case no. 19CV03098, pending in the Santa Barbara Superior Court, to the United States District Court for the Central District of California.[1]

---

[1] By removing this action, NuSil does not waive any defenses, objections, or motions available under state of federal law. Further NuSil reserves the right to move for dismissal of some or all of Plaintiff's claims.

PRICE, POSTEL
& PARMA LLP
SANTA BARBARA, CA

1
**NOTICE OF REMOVAL**

## I. Introduction

1. On or about October 19, 2019, Plaintiff Barbara Sanchez filed a Complaint captioned <u>Barbara Sanchez v. DOES 1 through 100, Inclusive</u>, Case no. 19CV03098 ("the State Court Action") in the Santa Barbara County Superior Court. The Complaint names DOES 1 through 100, Inclusive, as defendants.

2. Plaintiff alleges that while working for various breast implant manufacturers, she "worked with and was exposed to chemicals and chemical products that were manufactured, distributed and/or supplied by Defendants . . ." *See* Complaint ("Compl."), attached hereto as <u>Exhibit A</u>, ¶¶ 4-7. Plaintiff seeks recovery for suffering "serious injuries and disease, including myelodysplastic syndrome and other related medical conditions." *Id.* at ¶¶ 59, 87, 90, 108. Plaintiff also seeks recovery for "medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the court;" "lost income . . . loss of future income, support and maintenance;" and "general damages." *Id*. at ¶¶ 37-39; 50-52; 67-69; 91-93; 109-111. Plaintiff is also seeking punitive damages. *Id.* at Prayer.

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because NuSil satisfies the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. This is the second instance in which this case has been removed to federal court. This removal, however, is proper and timely as it is filed within thirty days of receipt of "other paper" which establishes that the case is now removable. Specifically, after the Plaintiff challenged the residence of NuSil, NuSil's corporate officer, Stacy Broad, researched the facts and history underlying the residence of NuSil and its members, and the information she obtained established that there is complete diversity between Plaintiff and the Defendants, as reflected in the

accompanying Declaration of Stacy Broad. Therefore, this Court has diversity jurisdiction over this action and it should remain in Federal Court.

5. Praxair, Inc. ("Praxair") is the only defendant other than NuSil and has consented to this removal through its legal counsel. A copy of its Consent to Removal is attached as Exhibit B.

## II. Procedural History of the Sanchez Case

6. On February 26, 2020, Praxair, Inc. ("Praxair") removed this action to the Central District of California on diversity grounds, asserting that NuSil was a resident of the state in which it was organized (Delaware) and where its principal place of business was located (Pennsylvania).

7. On March 10, 2020, Plaintiff filed a Motion to Remand, challenging the residence of NuSil.

8. On March 19, 2020, before a response was filed to the Motion to Remand, the Federal Court ordered this action to be remanded to State Court, sua sponte, based on its determination that the standard applied to NuSil in the Notice of Removal was the standard applicable to corporations, despite the fact that NuSil is a limited liability company. Since the wrong standard had been applied to NuSil, in determining its residence, it was not shown that complete diversity of the parties exists. (Dkt #15).

9. After Plaintiff filed her Motion to Remand, NuSil researched the facts and history underlying the residence of NuSil and its members, and the information obtained established that NuSil is not a resident of the State of California and that there is complete diversity between Plaintiff and the NuSil entities, as reflected in the accompanying Declaration of Stacy Broad. Therefore, this Court has diversity jurisdiction over this action and it should remain in Federal Court.

## III. NuSil Satisfies the Procedural Requirements for Removal.

10. The Summons and Complaint was served on NuSil via its registered agent on or about February 14, 2020.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Central District of California, Western Division is the federal judicial district embracing the Superior Court of the State of California for the County of Santa Barbara, where Plaintiff originally filed this matter.

12. Pursuant to 28 U.S.C. § 1446(a), NuSil has attached to this notice a copy of the complete state court file including the Summons and Complaint. *See* <u>Exhibit A</u>.

13. Pursuant to 28 U.S.C. § 1446(d), NuSil will promptly provide written notice of the filing of this Notice of Removal to Plaintiff.

14. Concurrent with the filing of this Notice of Removal, NuSil will file a "Notification of Filing of Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Santa Barbara." A copy of the Notification of Filing of Notice of Removal is attached hereto as <u>Exhibit B</u>.

15. Praxair, Inc., the only defendant other than NuSil, has consented to this removal through its legal counsel. A copy of Praxair, Inc.'s Notice of Consent to Removal is attached hereto as <u>Exhibit C</u>. Praxair, Inc's Statement of Information filed with the Secretary of State of California showing its residence is attached hereto as <u>Exhibit D</u>.

### IV. The Instant Notice Of Removal Is Timely

16. A Notice of Removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §1446 (emphasis added).

17. The definition of "other paper" is broad and may include any formal or informal communications received by a defendant. *Lambertson v. Go Fit, LLC*, 918 F.Supp.2d 1283 (S.D.Fla. 2013); *Highwire Promotions, LLC v. Legend Marketing, LLC,* 2005 WL 8156562, *2 (C.D.Cal. 2005).

18. A defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdiction requirements, such as the existence of diversity, may remove the case to federal court within 30 days of receiving such information. *Aranda v. Foamex Intern.*, 884 F.Supp.2d 1186 (D.N.M. 2012). Discovery responses and deposition testimony also constitute "other paper" and can trigger the thirty-day removal period. *Carvalho v. Equifax Info. Servs, LLC*, 629 F.3d 876, 886-87 (9th Cir. 2010); *Rider v. Sears Roebuck & Co.*, 2011 WL 2222171, at *3-4 (C.D.Cal. June 7, 2011); *Williams v. Hilarides*, 2012 WL 2339335, at *2 (E.D.Cal. June 19, 2012). Likewise, a letter from an attorney advising of a client's residence in response to a written request to verify the client's residence was "other paper" under the removal statute. *Broderick v. Dellasandro*, 859 F.Supp. 176 (E.D.Pa. 1994), cited as authority by *Highwire Promotions, LLC v. Legend Marketing, LLC,* 2005 WL 8156562, *2 (C.D.Cal. 2005).

19. This thirty-day period applies even to cases which have previously been removed and remanded, so long as the latter removal is "based on information not available at the prior removal". See *Sweet v. United Parcel Svc., Inc.*, 2009 WL 1664644 at *3 (C.D.Cal. June 15, 2009) ("Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal, though not necessarily barred, generally must be based on information not available at the prior removal.

20. The facts making the present case removable were not initially known nor addressed in the prior removal, as the Federal Court previously recognized in its Order of Remand, p. 4:20-21 (Dkt #15), where the facts necessary to determine NuSil's residence were not immediately ascertainable. The allegation of diversity in the prior Notice of Removal did not plead the applicable standard for a limited liability company and did not allege facts which would determine NuSil's residence. The prior Notice of Removal only addressed the legal grounds for corporate citizenship (i.e., place of incorporation and principal place of business), which are

not applicable to a limited liability company. The standard for determining a corporation's residence did not apply to NuSil. Instead, the standard applicable to a limited liability company is the citizenship of its owners or members. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006); *Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int's Distribution, LLC*, 2013 WL 6055328, *4 (C.D.Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction.").

In order to determine the residence of NuSil and its members, it was necessary to research historical information for each of those entities, to access archival information and to obtain information from the State of Delaware. That research was not completed until April 7, 2020, as explained in the Declaration of Stacy Broad (Broad Decl., ¶17). Therefore, this Notice of Removal, filed within thirty days of that date, is timely.

### V. Removal is Proper Because this Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441.

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

#### a. Complete Diversity of Citizenship Exists.

22. The Complaint alleges that Plaintiff is a resident of the State of California and the underlying events that are the subject of the Complaint occurred in California. *See* Compl., ¶¶ 1, 4-7. Plaintiff is therefore a citizen of California for purposes of determining diversity.

23. Praxair is and was, at the time Plaintiff filed her Complaint, a corporation organized under the laws of the State of Delaware with its principal place of business in Connecticut (Exhibit D). Therefore, Praxair is a citizen of Delaware and Connecticut for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

24. NuSil Technology LLC is and was, at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of Delaware. *See* Declaration of Stacy Broad ("Broad Decl.") at ¶ 4. NuSil Technology LLC's principal office is located at 100 Matsonford Road, Building One, Suite 200, Radnor, Pennsylvania 19087. *Id.* at ¶ 5. Michael Stubblefield is the Chief Executive Officer of NuSil Technology LLC and his principal office is located at 100 Matsonford Road, Building One, Suite 200, Radnor Pennsylvania 19087. *Id.* at ¶ 6. NuSil Technology LLC's single sole member is and was, at the time Plaintiff filed her complaint, NuSil Investments LLC. *Id.* at ¶ 7. NuSil Investments LLC is, and was at the time Plaintiff filed her Complaint, a limited liability company organized and exiting under the laws of the State of Delaware. *Id.* at ¶ 8. NuSil Investments LLC's sole member is and was at the time Plaintiff filed her Complaint, NuSil Acquisition Corporation. *Id.*, at ¶ 10. NuSil Acquisition Corporation is and was at the time the Plaintiff filed her Complaint, a Delaware corporation with its registered agent and address in Delaware. *Id.*, at ¶ 10. NuSil Acquisition Corporation is a wholly owned subsidiary of Avantor Funding, Inc., a Delaware corporation with its principal place of business in Pennsylvania. *Id.* at ¶¶ 11-12. Avantor Funding, Inc. is and was at the time Plaintiff filed her Complaint a wholly owned subsidiary of Vail Holdco Sub, LLC, which was organized and existing under the laws of the state of Delaware. *Id.* at ¶ 13. Vail Holdco Sub, LLC has a single member, Avantor, Inc., which is a Delaware corporation having its principal place of business in Pennsylvania. *Id.* at ¶ 16. A limited liability company "is a citizen of every state of which its owners/members are citizens." *See Johnson*, 437 F.3d at 899. Therefore, NuSil Technology LLC and its associated members are citizens of Delaware and Pennsylvania for purposes of diversity jurisdiction.

25. The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(b).

26. Accordingly, complete diversity exists between the parties.

### b. The Amount-In-Controversy Requirement is Satisfied.

27. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), NuSil asserts that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good faith in light of the allegations in Plaintiff's Complaint.

28. Plaintiff alleges that the amount demanded is "a sum in excess of the minimum jurisdictional amount of the court" but does not specify an exact amount in controversy. *See* Compl., Prayer. In the Ninth Circuit, a removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In other words, a plaintiff's failure to specify in the complaint the amount of damages she seeks does not otherwise deprive this Court of jurisdiction. *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (a defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar damages amount; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.")

29. Where, as here, the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Del Real c. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). "In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and assum[e] [that] a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal., 2002) (*quoting Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994). Defendant's burden "'is not daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Here, the Complaint makes facially evident that the amount in controversy exceeds $75,000 exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

30. Plaintiff alleges exposure to "significant concentrations of benzene and other hemotoxic and carcinogenic chemicals . . . [and to] toxicologically significant levels of these chemicals." *See* Compl., ¶ 7. As a result of Plaintiff's alleged exposure to hemotoxic and carcinogenic chemicals, Plaintiff alleges suffering "sustained serious injuries to her internal organs, including Myelodysplastic syndrome." *Id.*

31. According to the Mayo Clinic, "Myelodysplastic syndromes are a group of disorders caused by poorly formed blood cells or ones that don't work properly. Myelodysplastic syndromes result from something amiss in the spongy material inside your bones where blood cells are made (bone marrow)." *Myelodysplastic syndromes*, MAYO CLINIC (2017), https://www.mayoclinic.org/diseases-conditions/myelodysplastic-syndrome/symptoms-causes/syc-20366977 (last visited Feb. 22, 2020). Mayo Clinic lists possible treatments of Myelodysplastic syndromes as chemotherapy or bone marrow transplants. *Id.*

32. Plaintiff alleges that she has been medically treated for her myelodysplastic syndrome and "has been hospitalized and undergone various medical treatments and will require additional medical treatments in the future." *See* Compl., ¶ 7.

33. Plaintiff seeks recovery for suffering "serious injuries and disease, including myelodysplastic syndrome and other related medical conditions." *Id.* at ¶¶ 59, 87, 90, 108. Plaintiff also seeks recovery for "medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the court;" "lost income . . . loss of future income, support and maintenance;" and "general damages." *Id.* at ¶¶ 37-39; 50-52; 67-69; 91-93; 109-111. Plaintiff also seeks

recovery of "medical expense and medical monitoring expenses, and incidental expenses;" and "for pre- and post-judgment interest allowed by law." *Id*. at Prayer.

34. Plaintiff also seeks punitive damages and includes a cause of action for fraudulent concealment. *Id.* at Prayer; ¶¶ 12-16; 72-95. The Civil Code of California provides recovery for punitive damages where there is clear and convincing evidence that the defendant is guilty of fraud, malice, or oppression. Cal. Civ. Code § 3294. Consequently, the Court must also consider Plaintiff's request for punitive damages as part of the amount in controversy when determining diversity jurisdiction. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating punitive damages must be considered where recoverable under state law).

35. In her prior Motion to Remand, Plaintiff does not dispute the fact that the amount in controversy exceeds $75,000, exclusive of interest and costs.

36. Therefore, analyzing the Complaint in light most favorable to Plaintiff while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiff will reasonably exceed $75,000, exclusive of interest and costs.

**WHEREFORE,** Defendant NuSil respectfully removes this action from the Superior Court of the State of California for the County of Santa Barbara to this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

Dated: April 9, 2020      PRICE, POSTEL & PARMA LLP


*/Melissa J. Fassett/*
By:_____
Melissa J. Fassett
Attorneys for Defendants

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

     I am employed in the County of Santa Barbara, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 200 East Carrillo Street, Fourth Floor, Santa Barbara, California 93101.

     On April 9, 2020, I served the foregoing document described as **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing.

☒    BY MAIL: I placed the original and/or true copy in a sealed envelope addressed as indicated herein. I am readily familiar with the firm's practice of collection and processing documents for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Raphael Metzger, Esq.
Metzger Law Group
555 E. Ocean Blvd., Suite 800
Long Beach, CA 90802-4966

Karen Firstenberg, Esq.
David P. Koller, Esq.
Faegre Drinker Biddle & Reach LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025

☐    (*STATE*) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (*FEDERAL*) I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 9, 2020, at Santa Barbara, California.

*/Melissa J. Fassett/*
Signature

PRICE, POSTEL
& PARMA LLP
SANTA BARBARA, CA