Melissa J. Fassett, SBN 135290
*mjf@ppplaw.com*
Timothy E. Metzinger, SBN 145266
*tem@ppplaw.com*
PRICE, POSTEL & PARMA LLP
200 East Carrillo Street, Fourth Floor
Santa Barbara, California 93101
Telephone:   (805) 962-0011
Facsimile:   (805) 965-3978

Attorneys for Defendant NuSil Technology LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BARBARA SANCHEZ,

Plaintiff,

vs.

DOES 1 through 100, INCLUSIVE,

Defendants.

Case no.: 2:20-CV-03329

**DECLARATIONS OF MELISSA FASSETT, STACY BROAD IN SUPPORT OF DEFENDANT NUSIL TECHNOLOGY LLC'S NOTICE OF REMOVAL OF COMPLAINT PURSUANT TO 28 U.S.C. §1332(D) (DIVERSITY)**

[Filed Concurrently with Notice Of Removal, Civil Cover Sheet, Notice of Interested Parties]

I, Melissa J. Fassett, declare and state that:

1. I am an attorney at law duly authorized to practice before all courts of the State of California.  The facts stated hereunder are true, known to me of my own knowledge and, if called as a witness, I could and would competently testify thereto.

2. I am a partner with the firm of Price Postel & Parma LLP, counsel of record for NuSil Technology LLC.

3. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received.

4. Attached hereto as Exhibit B is a true and accurate copy of the Declaration of Stacy Broad.

5. Attached hereto as Exhibit C is a true and accurate copy of the Consent to Removal of

PRICE, POSTEL
& PARMA LLP
SANTA BARBARA, CA

1

DECLARATION IN SUPPORT OF REMOVAL

1  Praxair, Inc.

2      6.  Attached hereto as Exhibit D is a true and accurate copy of the Statement of

3  Information which I obtained from the filings with the California Secretary of State for Praxair,

4  Inc.

5      7.  NuSil will file a Notice of Filing Notice of Removal with the Clerk of the Superior

6  Court of California for the county of Santa Barbara and will serve Plaintiff's counsel with a copy.

7      I declare under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  This declaration is executed by me on this 9th day of April 2020, at

9  Santa Barbara, California.

10

11

12                                    Melissa J. Fassett

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 200 East Carrillo Street, Fourth Floor, Santa Barbara, California 93101.

On April 9, 2020, I filed the foregoing document described as **DECLARATIONS OF MELISSA FASSETT AND STACY BROAD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing.

☒    BY MAIL:  I placed the original and/or true copy in a sealed envelope addressed as indicated herein.  I am readily familiar with the firm's practice of collection and processing documents for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Raphael Metzger, Esq.
Metzger Law Group
555 E. Ocean Blvd., Suite 800
Long Beach, CA 90802-4966

Karen Firstenberg, Esq.
David P. Koller, Esq.
Faegre Drinker Biddle & Reach LLP
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025

☐    (***STATE***)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (***FEDERAL***)  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 9, 2020, at Santa Barbara, California.

/Melissa J. Fassett/
Signature

PRICE, POSTEL
& PARMA LLP
SANTA BARBARA, CA

**EXHIBIT A**

## Case Information

19CV03098 | Barbara Sanchez vs Does 1 through 100 inclusive et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| 19CV03098 | Santa Barbara - Anacapa | Anderle, Thomas P |

| File Date | Case Type | Case Status |
|---|---|---|
| 06/12/2019 | Unlimited Environmental/Toxic Tort (30) | Active |

## Party

**Plaintiff**
Sanchez, Barbara

Active Attorneys ▾
Lead Attorney
Metzger, Raphael
Retained

**Defendant**
Does 1 through 100 inclusive

**Defendant**
NuSil Technology LLC

　　Aliases
　　*FKA* DOE 1

**Defendant**
Praxair Inc

　　Aliases
　　*FKA* DOE 2

Active Attorneys ▾
Lead Attorney
Firstenberg, Karen M
Retained

## Events and Hearings

06/12/2019 New Filed Case

06/12/2019 Summons Issued, Filed

06/12/2019 Complaint, Filed

06/12/2019 Civil Case Cover Sheet, Filed

06/12/2019 Civil Case Cover Sheet Addendum (Local Form), Filed

06/13/2019 Notice of Case Assignment/Case Management Conf, Filed

09/19/2019 Notice of Posting of Jury Fees, Filed

09/30/2019 Case Management Statement, Filed

10/16/2019 Case Management Conference ▾

Judicial Officer
**Maxwell, Pauline**

Hearing Time
**8:30 AM**

Result
**Held**

10/16/2019 Minute Order, Filed

10/17/2019 Notice of Case Management Conference, Filed

12/03/2019 Notice of Change of Address, Filed

01/08/2020 Case Management Statement, Filed

01/21/2020 Amendment to Complaint, Filed

01/22/2020 Case Management Conference ▾

Judicial Officer
**Maxwell, Pauline**

Hearing Time
**8:30 AM**

Result
**Held**

01/22/2020 Amendment to Complaint, Filed

01/22/2020 Minute Order, Filed

02/20/2020 Proof of Service - Summons & Complaint, Filed

02/20/2020 Proof of Service - Summons & Complaint, Filed

03/06/2020 Notice of Stay of Proceedings, Filed

03/27/2020 Notice, Filed

03/27/2020 Order and Notice of Case Re-Assignment, Filed

05/13/2020 Case Management Conference ▾

Judicial Officer
**Maxwell, Pauline**

Hearing Time
**8:30 AM**

Cancel Reason
**Vacated**

06/02/2020 Case Management Conference ▾

Judicial Officer
**Anderle, Thomas P**

Hearing Time
**8:30 AM**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** DOES 1 THROUGH 100, INCLUSIVE
*(AVISO AL DEMANDADO):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/12/2019 4:19 PM
By: Elizabeth Spann, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** BARBARA SANCHEZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>1100 Anacapa Street<br><br>Santa Barbara, CA 93101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>19CV03098 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RAPHAEL METZGER, ESQ., SBN 116020          (562) 437-4499
METZGER LAW GROUP
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA  90802-4966

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 6/12/2019 | Clerk, by     /s/ Elizabeth Spann<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| [SEAL] | Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

F:\WP\Cases\11607\PLEAD\DOC\COMPLAIN\Complaint.wpd

METZGER LAW GROUP
RAPHAEL METZGER, ESQ., SBN 116020
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA  90802-4966
TELEPHONE:  (562) 437-4499
TELECOPIER: (562) 436-1561
http://www.toxictorts.com

Attorneys for Plaintiff,
Barbara Sanchez

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/12/2019 4:19 PM
By: Elizabeth Spann, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| BARBARA SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1 through 100, INCLUSIVE,<br><br>Defendants. | CASE NO. 19CV03098<br><br>COMPLAINT FOR TOXIC INJURIES ASSERTING CAUSES OF ACTION FOR:<br><br>(1) NEGLIGENCE;<br>(2) STRICT LIABILITY - FAILURE TO WARN;<br>(3) STRICT LIABILITY - DESIGN DEFECT;<br>(4) FRAUDULENT CONCEALMENT;<br>(5) BREACH OF IMPLIED WARRANTIES<br><br>DEMAND FOR JURY TRIAL [MADE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 600 ET SEQ. AND PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE SHOULD THIS CASE EVER BE REMOVED TO FEDERAL COURT] |

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

Exhibit A, Page 8

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1607PLEADDOC\COMPLAIN\Complaint.wpd

Plaintiff, Barbara Sanchez, hereby alleges:

## THE PARTIES

1.   At all material times hereto, Plaintiff, Barbara Sanchez, has been residing in the State of California.

2.   The true names and capacities of Defendants Does 1 through 100 are unknown to plaintiff, who therefore sues said defendants by such fictitious names.   Plaintiff will amend this complaint to state the true names and capacities of said fictitious defendants when they have been ascertained.   Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 100 are in some manner responsible for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

3.   Plaintiff is informed and believes and based thereon alleges that, at all times material hereto, each of the Defendants, including the fictitiously named Defendants, was acting in an individual, corporate, partnership, associate, conspiratorial or other capacity or as the agent, employee, co-conspirator, and/or alter ego of its co-defendants, and in doing the acts herein alleged, was acting within the course and scope of its authority as such partner, associate, agent, employee, co-conspirator, or alter ego, and with the permission, consent, knowledge, authorization, ratification and direction of its co-defendants, including all fictitiously named defendants.

//

//

1

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1807\PLEADDOC\COMPLAINT\Complaint.wpd

## GENERAL ALLEGATIONS

4.   Plaintiff, Barbara Sanchez, worked for various breast implant manufacturers in Santa Barbara County, including American Heyer-Schulte Corp., 3M Company, McGhan, and Inamed for approximately 30 years.

5.   Plaintiff is informed and believes and thereon alleges that the injuries from which Plaintiff suffers and which are the subject of this action, were sustained in the course of Plaintiff's work.

6.   In the course of and throughout Plaintiff's work in California, Plaintiff worked with and was exposed to chemicals and chemical products that were manufactured, distributed and/or supplied by Defendants, including Doe Defendants 1-100.

7.   The chemical products which Plaintiff worked with and was exposed to contained significant concentrations of benzene and other hemotoxic and carcinogenic chemicals.  In the course of her work in California, Plaintiff was exposed to toxicologically significant levels of these chemicals.  As a direct and proximate result of said exposure to said toxic chemical products, Plaintiff sustained serious injuries to her internal organs, including myelodysplastic syndrome.  As medical treatment for her myelodysplastic syndrome, Plaintiff has been hospitalized and undergone various medical treatments and will require additional medical treatments in the future.

//

//

//

2

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1807\PLEADDOC\COMPLAINNComplaint.wpd

## TOLLING OF STATUTE OF LIMITATIONS

### Appreciable Injury and Diagnosis Postdating Exposure

8.   Plaintiff was first diagnosed with myelodysplastic syndrome on or about August 29, 2017.  Prior to said time Plaintiff did not discover, and could not reasonably have discovered, that he had been injured and was suffering from myelodysplastic syndrome, the toxic nature of said injuries and disease, or their occupational cause.  The pathological effect of said disease occurred without perceptible trauma and Plaintiff was blamelessly ignorant of its cause.  It was not until about August 29, 2017, that Plaintiff was even aware that he had sustained any appreciable injury.

### Ignorance of Cause of Disease

9.   At the time Plaintiff was diagnosed with myelodysplastic syndrome on or about August 29, 2017, and continuing thereafter until the present date, no physician ever told Plaintiff what the cause of Plaintiff's myelodysplastic syndrome was or that Plaintiff's myelodysplastic syndrome even had a cause.

### Suspicion of Cause of Disease

10.   The first time Plaintiff suspected that her myelodysplastic syndrome might be occupationally related was within the last two years.

### Ignorance of Identity of Injury-Causing Hazardous Substances

11.   At no time even until the present date did Plaintiff personally ascertain the identity of those chemical products which

3

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPC\cases\1807\PLEAD\DOC\COM\PLAIN\Complaint.wpd

1  caused her myelodysplastic syndrome; nor did Plaintiff personally

2  ascertain any ingredients or contaminants of the products to which

3  Plaintiff was exposed at work that caused her myelodysplastic

4  syndrome; and to this very date, Plaintiff personally remains

5  ignorant of the identity of hazardous substances to which Plaintiff

6  was exposed at work that caused her myelodysplastic syndrome.

7

8          <u>Fraudulent Concealment of Toxic Hazards by Defendants</u>

9          12.  At all material times hereto, Defendants fraudulently

10  concealed from Plaintiff material facts concerning the nature of the

11  chemicals to which Plaintiff was exposed.

12          13.  At all material times hereto, Defendants fraudulently

13  concealed the toxic hazards of their chemical products from

14  Plaintiff, the hazards of the conditions under which Plaintiff was

15  exposed to said chemical products, that Plaintiff was being exposed

16  to and suffering toxic injuries from said chemical products, and the

17  cause of Plaintiff's injuries and occupational disease.

18          14.  At all material times hereto, Defendants fraudulently

19  concealed from Plaintiff that their products either were carcinogens,

20  contained hemotoxic and carcinogenic ingredients, or contained

21  hemotoxic and carcinogenic contaminants as a result of manufacturing

22  processes.

23          15.  At all material times hereto, Defendants failed to

24  disclose to Plaintiff toxic, hazards of their products, which

25  Defendants were by law required to disclose to Plaintiff, pursuant

26  to the Hazard Communication Standard and pursuant to California

27  common law.

28          16.  Defendants' concealment was sufficiently complete that

4

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



Plaintiff did not know, nor in the exercise of reasonable care could have known earlier than August 29, 2017 of Defendants' culpability, that Plaintiff had sustained toxic injuries, that chemicals to which Plaintiff was occupationally exposed had caused Plaintiff's myelodysplastic syndrome, and other injuries, or that Plaintiff had causes of action arising from Plaintiff's injuries.

**FIRST CAUSE OF ACTION**

**FOR NEGLIGENCE**

(By Plaintiff, Barbara Sanchez,

Against All Named Defendants, including Does 1-100)

17. Plaintiff refers to paragraphs 1 through 16 and, by this reference, incorporates said paragraphs hereat as though set forth in full.

18. As chemical manufacturers and distributors, Defendants owed Plaintiff a legal duty to exercise due care in importing, producing, and distributing the foregoing chemical products to Plaintiff's places of employment.

19. Defendants negligently and carelessly imported, produced, and distributed the foregoing chemical products to Plaintiff's places of employment, where Plaintiff was exposed to said toxic chemical products.

20. Defendants also failed to adequately warn Plaintiff of the hazards of said toxic chemicals and failed to provide adequate instructions to Plaintiff for the safe handling and use of said toxic chemical products.

//

F:\WP\Cases\1807\PLEADDOC\COMPLAIN\Complaint.wpd

21.   Each of the toxic chemical products which Plaintiff, Barbara Sanchez, used and each of the toxic chemical products to which Plaintiff, Barbara Sanchez, was exposed, were manufactured and/or supplied by Defendants.

22.   As manufacturers and distributors of toxic chemical products Defendants, and each of them, owed a duty under the California Hazard Communication Standard to provide Plaintiff, Barbara Sanchez, and the Plaintiff's employers with Material Safety Data Sheets (MSDS) and warning labels which adequately warned of the hazards of the foregoing products manufactured, distributed, and/or supplied by Defendants, and adequately set forth the precautions necessary to prevent such hazards from Plaintiff's use of and exposure to the foregoing products manufactured, distributed, and/or supplied by Defendants.

23.   California Labor Code § 6390.5 is a health and safety statute enacted to protect, among others, employees in the position of Plaintiff, Barbara Sanchez, and imposing on manufacturers and distributors of any hazardous substance the duty to label each container of a hazardous substance in a manner consistent with the Hazard Communication Standard.  (8 C.C.R. § 5194).

24.   The Hazard Communication Standard (8 C.C.R. §5194) is a health and safety regulation promulgated to protect, among others, employees in the position of Plaintiff, Barbara Sanchez, and imposing on manufacturers and distributors of chemical products the duty to, among other things:

(a)   evaluate their products to determine if they are hazardous [8 C.C.R. § 5194(d)(1)];

(b)   identify and consider the available scientific

6

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1867\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1  evidence concerning such hazards [8 C.C.R. § 5194(d)(2) et seq.];

2      (c)    consider a product containing at least one

3  percent of a component as presenting the same health hazard as that

4  component [8 C.C.R. § 5194(d)(5)(B)];

5      (d) consider as carcinogenic a product containing at

6  least 0.1% of a component which has been determined under 8 C.C.R.

7  § 5194(d)(4) to be a carcinogen [8 C.C.R. § 5194(d)(5)(B)];

8      (e)    consider as hazardous a product which contains

9  a component in a concentration of less than one percent which could

10  be released in concentrations which would exceed the established OSHA

11  permissible exposure limit or ACGIH Threshold Limit Value, or could

12  present a health hazard to employees in those concentrations [8

13  C.C.R. § 5194(d)(5)(D)];

14      (f) consider as carcinogenic a product which contains

15  a component which has been determined under 8 C.C.R. § 5194(d)(4) to

16  be carcinogenic in a concentration of less than .1% which could be

17  released in concentrations which would exceed the established OSHA

18  permissible exposure limit or ACGIH Threshold Limit Value, or could

19  present a health hazard to employees in those concentrations [8

20  C.C.R. § 5194(d)(5)(D)];

21      (g) ensure that each container of hazardous chemicals

22  leaving their facilities is labeled, tagged or marked with the (i)

23  identity of the hazardous chemical(s); (ii) appropriate hazard

24  warnings; and (iii) the name and address of the chemical manufacturer

25  or other responsible party [8 C.C.R. § 5194(f)(1)];

26      (h) obtain or develop a material safety data sheet for

27  each hazardous substance they produced [8 C.C.R. § 5194(g)(1)];

28      (i)  include on the material safety data sheet the

7

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

F:\WP\Cases\1807\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1    chemical and common names of each hazardous substance [8 C.C.R.

2    §5194(g)(2)(A)];

3              (j) include on the material safety data sheet the

4    health hazards of the hazardous substance, including signs and

5    symptoms of exposure, and any medical conditions which are generally

6    recognized as being aggravated by exposure to the substance [8 C.C.R.

7    § 5194(g)(2)(D)];

8              (k) include on the material safety data sheet the

9    primary routes of entry [8 C.C.R. § 5194(g)(2)(E)];

10              (1) include on the material safety data sheet the OSHA

11    permissible exposure limit, ACGIH Threshold Limit Value, and any

12    other exposure limit used or recommended by defendants [8 C.C.R. §

13    5194(g)(2)(F)];

14              (m) include on the material safety data sheet whether

15    the hazardous chemical is listed in the National Toxicology Program

16    (NTP) Annual Report on Carcinogens (latest edition) or has been found

17    to be a potential carcinogen in the International Agency for Research

18    on Cancer (IARC) Monographs (latest editions), or by OSHA [8 C.C.R.

19    § 5194(g)(2)(G)];

20              (n) include on the material safety data sheet

21    generally applicable precautions for safe handling and use known to

22    defendants, including appropriate hygienic practices, protective

23    measures during repair and maintenance of contaminated equipment, and

24    procedures for clean-up of spills and leaks [8 C.C.R. §

25    5194(g)(2)(H)];

26              (o) include on the material safety data sheet

27    generally applicable control measures known to defendants, such as

28    appropriate engineering controls, work practices, or personal

8

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

F:\WP\Cases\1407\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1  protective equipment [8 C.C.R. § 5194(g)(2)(I)];

2          (p) include on the material safety data sheet a

3  description in lay terms, if not otherwise provided, of the specific

4  potential health risks posed by the hazardous substance intended to

5  alert the person reading the information [8 C.C.R. § 5194(g)(2)(M)];

6          (q) ensure that the information contained on material

7  safety data sheets accurately reflects the scientific evidence used

8  in making the hazard determination [8 C.C.R. § 5194(g)(5)];

9          (r) update material safety data sheets with newly-

10  discovered significant information regarding the hazards of products

11  and/or their components within three months [8 C.C.R. § 5194(g)(5)];

12  and,

13          (s) ensure that material safety data sheets complying

14  with the Hazard Communication Standard are provided to employers,

15  directly or via a distributor [8 C.C.R. § 5194(g)(6) & (7).

16      25. Defendants are importers, producers, or distributors

17  of toxic chemicals to which Plaintiff, Barbara Sanchez, was exposed

18  in the course of employment with various facilities, including those

19  products manufactured and supplied by Defendants as alleged, and were

20  obligated to comply with California Labor Code § 6390.5 and the

21  Hazard Communication Standard (8 C.C.R. § 5194).

22      26. Defendants violated California Labor Code § 6390.5 and

23  the Hazard Communication Standard (8 C.C.R. §5194) in the

24  importation, production, and distribution of the toxic substances to

25  which Plaintiff, Barbara Sanchez, was so exposed by, among other

26  things:

27          (a) failing and refusing to evaluate their products

28  to determine if benzene contained in their products presented a

9

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1867\PLEADDOCS\COMPLAINT\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4956

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1   health hazard of causing myelodysplastic syndrome to employees using

2   or exposed to their products [8 C.C.R. § 5194(d)(1)];

3          (b) failing and refusing to identify and consider the

4   available scientific evidence to determine if the benzene contained

5   in their products presented a health hazard of causing

6   myelodysplastic syndrome to employees using or exposed to their

7   products [8 C.C.R. § 5194(d)(2) et seq.];

8          (c) failing and refusing to identify their products

9   as presenting a health hazard of causing myelodysplastic syndrome

10  even though the benzene contained in their products presented a

11  health hazard of causing myelodysplastic syndrome to employees using

12  or exposed to their products [8 C.C.R. § 5194(d)(5)];

13         (d) failing and refusing to ensure that each container

14  of their products was labeled, tagged or marked to (i) identity the

15  benzene contained in their products and (ii) appropriately warn that

16  the benzene contained in their products presented a health hazard of

17  causing myelodysplastic syndrome to employees using or exposed to

18  their products [8 C.C.R. § 5194(f)(1)];

19         (e) failing and refusing to obtain or develop a

20  material safety data sheet for the benzene contained in their

21  products [8 C.C.R. § 5194(g)(1)];

22         (f) failing and refusing to include on the material

23  safety data sheet the chemical and common names for the benzene

24  contained in their products [8 C.C.R. § 5194(g)(2)(A)];

25         (g) failing and refusing to include on the material

26  safety data sheet that the benzene contained in their products

27  presented a health hazard of causing myelodysplastic syndrome to

28  employees using or exposed to their products [8 C.C.R. §

10

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1697\PLEADDOC\COMPLAIN\Complaint.wpd

5194(g)(2)(D)];

(h) failing and refusing to include on the material safety data sheet the primary routes of entry for the benzene contained in their products in respect of the health hazard of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(E)];

(i) failing and refusing to include on the material safety data sheet the OSHA permissible exposure limit, ACGIH Threshold Limit Value, and any other exposure limit used or recommended by defendants for the benzene contained in their products in respect of the health hazard of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(F)];

(j) failing and refusing to include on the material safety data sheet whether the benzene contained in their products is listed in the National Toxicology Program (NTP) Annual Report on Carcinogens (latest edition) or has been found to be a potential carcinogen in the International Agency for Research on Cancer (IARC) Monographs (latest editions), or by OSHA [8 C.C.R. § 5194(g)(2)(G)];

(k) failing and refusing to include on the material safety data sheet generally applicable precautions for safe handling and use known to Defendants for the benzene contained in their products in respect of preventing the health hazard of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(H)];

(l) failing and refusing to include on the material safety data sheet generally applicable control measures known to Defendants for the benzene contained in their products in respect of

11

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1697\PLEADDOC\COM\PLAIN\Complaint.wpd

preventing the health hazard of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(I)];

(m) failing and refusing to include on the material safety data sheet or otherwise the specific potential health risks posed by the benzene contained in their products in respect of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(M)];

(n) failing and refusing to ensure that the information contained on material safety data sheets accurately reflects the scientific evidence of the health risks posed by the benzene contained in their products in respect of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(5)];

(o) failing and refusing to update material safety data sheets with newly-discovered significant information regarding the hazards of the benzene contained in their products in respect of causing myelodysplastic syndrome to employees using or exposed to their products [8 C.C.R. § 5194(g)(5)]; and,

(p) failing and refusing to ensure that material safety data sheets complying with the Hazard Communication Standard (including specifying the potential health risks posed by the benzene contained in their products in respect of causing myelodysplastic syndrome to employees using or exposed to their products) were provided to Plaintiff, Barbara Sanchez's employers at various locations in and around Los Angeles County, California, directly or via a distributor. [8 C.C.R. § 5194(g)(6) & (7).

//

12

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1\507\PLEADDOC\COMPLAIN\Complain.wpd

27.   Such duty to prepare and provide employers and employees with material safety data sheets and warning labels which adequately set forth all of the foregoing required health hazard information and use instructions, also clearly applies to manufacturers and distributors, such as Defendants, of toxic chemical products, and other chemical products whose intended and foreseeable downstream use by purchasers and users of the products may result in the generation and release of toxic fumes, dusts, and/or aerosols to which workers may be exposed.

28.   As a direct and proximate result of the foregoing negligent acts and omissions committed by Defendants, and as set forth in detail herein, from the Plaintiff's use of each of the foregoing toxic products manufactured, distributed, and/or supplied by Defendants, Plaintiff was thereby exposed to toxins which were contained within and released as toxic chemicals, including benzene, during the intended and foreseeable use of the foregoing products manufactured, distributed, and/or supplied by Defendants.

29.   Plaintiff, Barbara Sanchez, was a member of the class of persons designed to be protected by California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194), and Plaintiff suffered a toxic injury (i.e., myelodysplastic syndrome caused by exposure to toxic products in the workplace) that California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194) were designed to protect against and to prevent.

30.   Plaintiff was exposed to each of the foregoing toxic chemicals.

31.   Each of the toxic chemical products to which Plaintiff was exposed, was manufactured and/or supplied by the foregoing

13

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

Exhibit A, Page 21

F:\WPIC\ses\16\07\PLEADDOC\COMPLAINt\Complaint.wpd

defendants, as set forth in the section entitled "Product Identification" above.

32.   As a result of Plaintiff's exposure to the foregoing toxic chemical products, toxins within said toxic chemicals including but not limited to benzene entered Plaintiff's body.

33.   Plaintiff suffers from a specific illness, to wit, myelodysplastic syndrome, as well as other related and consequential injuries.

34.   Each of the foregoing toxic chemical products caused Plaintiff's myelodysplastic syndrome and other injuries.

35.   Each toxin that entered Plaintiff's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff's myelodysplastic syndrome and other injuries.

36.   As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiff suffers from myelodysplastic syndrome and other related and consequential medical conditions.

37.   As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiff has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court, and Plaintiff has been unable to attend to her usual employment and activities.

38.   As a further direct and proximate result of the negligent acts and omissions of defendants resulting in her severe toxic injuries, Plaintiff has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

14

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Clients\1807\PLEADDOC\COM\PLAIN\Complaint.wpd

39.   As a further direct and proximate result of the actions and inactions of Defendants resulting in severe toxic injuries, Plaintiff has suffered and will continue to suffer general damages to be established according to proof at trial.

### SECOND CAUSE OF ACTION

### FOR STRICT LIABILITY - FAILURE TO WARN

(By Plaintiff, Barbara Sanchez,

Against All Named Defendants, including Does 1-100)

40.   Plaintiff refers to paragraphs 1 through 39 and, by this reference, incorporates said paragraphs hereat as though set forth in full.

41.   At all times mentioned herein, Defendants were the importers, producers, and distributors of chemical products which were delivered to or used at Plaintiff's places of employment, where Plaintiff was exposed to them.

42.   The chemical products which Defendants imported, produced, and distributed to Plaintiff's places of employment, were defective, because they lacked warnings adequate to apprise Plaintiff and Plaintiff's Employer of their toxic hazards and their serious effects upon the human body, and they lacked instructions for handling and use adequate to prevent exposures to Plaintiff causing him serious injuries and disease.

43.   Plaintiff was exposed to each of the foregoing toxic chemicals.

44.   Each of the toxic chemical products to which Plaintiff was exposed, was manufactured and/or supplied by the foregoing

15

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

Exhibit A, Page 23

F:\WP\Cases\1867\PLEADDOC\COMPLAINT\Complaint.wpd

defendants, as set forth in the section entitled "Product Identification" above.

45. As a result of Plaintiff's exposure to the foregoing toxic chemical products, toxins within said toxic chemicals entered Plaintiff's body.

46. Plaintiff suffers from a specific illness, to wit, myelodysplastic syndrome, as well as other related and consequential injuries.

47. Each of the foregoing toxic chemical products caused Plaintiff's myelodysplastic syndrome and other injuries.

48. Each toxin that entered Plaintiff's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff's myelodysplastic syndrome and other injuries.

49. As a direct and proximate result of the defective warnings of Defendants' chemical products, Plaintiff suffers from myelodysplastic syndrome and other related and consequential medical conditions.

50. As a direct and proximate result of the defective warnings of said chemicals, Plaintiff has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court, and Plaintif has been unable to attend to her usual employment and activities.

51. As a further direct and proximate result of the defective warnings of said chemical products, Plaintiff has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

16

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1867\PLEADOC\COMPLAIN\Complaint.wpd

52.   As a further direct and proximate result of defective warnings of Defendants' chemical products, Plaintiff has suffered and will continue to suffer general damages according to proof at trial.

53.   In exposing Plaintiff to said toxic chemicals, Defendants failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of their chemicals, and willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to Plaintiff.   Defendants concealed known toxic hazards of their chemicals from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of their chemicals, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants. Defendants consciously decided to market their chemicals with knowledge of their harmful effects and without remedying the toxic effects of their chemicals, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the defendants.   Defendants also misrepresented the nature of their chemical products, by withholding information from Plaintiff regarding toxic chemicals released from their products during their anticipated   or   reasonably   foreseeable   uses,   and   such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the defendants.

54.   Defendants' conduct in exposing Plaintiff to said

17

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPIC\case\1407\PLEADDOC\COMPLAIN\Complaint.wpd

1   hemotoxic and carcinogenic chemicals without adequate warnings of
2   their toxic hazards and without adequate instructions for safe
3   handling and use was despicable, malicious, oppressive, and
4   perpetrated in conscious disregard of Plaintiff's rights and safety,
5   entitling Plaintiff to punitive and exemplary damages.

6

7                          **THIRD CAUSE OF ACTION**
8                    FOR STRICT LIABILITY - DESIGN DEFECT
9                       (By Plaintiff, Barbara Sanchez,
10           Against All Named Defendants, including Does 1-100)
11

12        55.   Plaintiff refers to paragraphs 1 through 54 and, by
13   this reference, incorporates said paragraphs herein as though set
14   forth in full.
15        56.   At all times mentioned herein, Defendants were the
16   importers, producers, and distributors of chemical products which
17   were delivered to or used at Plaintiff's places of employment, where
18   Plaintiff was exposed to them.
19        57.   Said chemical products were defective in their design
20   because they failed to perform as safely as an ordinary user would
21   expect when used in an intended or reasonably foreseeable manner,
22   because the risks of using and being exposed to Defendants' products
23   outweighed the benefits of said products, and because safer feasible
24   alternative designs existed which would have made Defendants'
25   products less harmful when used as intended.
26        58.   Said design defects existed in Defendants' chemical
27   products when said chemical products left defendants' possession.
28        59.   As a direct and proximate result of said design

                                18

_____

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4589
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 435-1861
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPCases\1807\PLEADDOC\COMPLAIN4Complaint.wpd

defects, while using said chemical products in a manner that was reasonably foreseeable and intended by Defendants, Plaintiff was exposed to Defendants' chemical products in the course of her employment at the places of employment, and has suffered serious injuries and disease, including myelodysplastic syndrome, other medical conditions, and related and consequential medical conditions.

60. Plaintiff was exposed to each of the foregoing toxic chemicals.

61. Each of the toxic chemical products to which Plaintiff was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

62. As a result of Plaintiff's exposure to the foregoing toxic chemical products, toxins within said toxic chemicals entered Plaintiff's body.

63. Plaintiff suffers from a specific illness, to wit, myelodysplastic syndrome, as well as other related and consequential injuries.

64. Each of the foregoing toxic chemical products caused Plaintiff's myelodysplastic syndrome and other injuries.

65. Each toxin that entered Plaintiff's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff's myelodysplastic syndrome and other injuries.

66. As a direct and proximate result of the defective design of Defendants' chemical products, Plaintiff suffers from myelodysplastic syndrome and other related and consequential medical conditions.

67. As a direct and proximate result of the defective

19

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1607\PLEADDOCK\COMPLAIN\Complaint.wpd

nature of said chemicals, Plaintiff has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but well in excess of the jurisdictional minimum of this Court, and Plaintiff has been unable to attend to her usual employment and activities.

68. As a further direct and proximate result of the defective nature of said chemical products, Plaintiff has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

69. As a further direct and proximate result of defective nature of said chemical products, Plaintiff has suffered and will continue to suffer general damages according to proof at trial.

70. In exposing Plaintiff to said toxic chemicals, Defendants failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of their chemicals, and willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to Plaintiff. Defendants concealed known toxic hazards of their chemicals from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of their chemicals, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants. Defendants consciously decided to market their chemicals with knowledge of their harmful effects and without remedying the

20

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

F:\WP\Cases\1807\PLEADDOC\COMPLAIN\Complaint.wpd

toxic effects of their chemicals, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the defendants. Defendants also misrepresented the nature of their chemical products, by withholding information from Plaintiff regarding toxic chemicals released from their products during their anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the defendants.

71. Defendants' conduct in exposing Plaintiff to said hemotoxic and carcinogenic chemicals without adequate warnings of their toxic hazards and without adequate instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in conscious disregard of Plaintiff's rights and safety, entitling Plaintiff to punitive and exemplary damages.

## FOURTH CAUSE OF ACTION

### FOR FRAUDULENT CONCEALMENT

(By Plaintiff, Barbara Sanchez,

Against All Named Defendants, including Does 1-100)

72. Plaintiff refers to paragraphs 1 through 71 and, by this reference, incorporates said paragraphs herein in full.

73. At all times mentioned herein, Defendants were the importers, producers, and distributors of chemical products which were delivered to or used at Plaintiff's places of employment, where Plaintiff was exposed to them.

74. Defendants' chemical products to which Plaintiff was

21

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

Exhibit A, Page 29

TELEPHONE (562) 437-4499
TOLL-FREE (877) 437-7247
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORTS & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1600\PLEADDOC\COMPLAIN\Complaint.wpd

1   exposed are hemotoxic and carcinogenic.

2         75. Defendants were aware of the hemotoxic and carcinogenic

3   nature of their products.

4         76.   Pursuant to the Hazard Communication Standard and

5   California common law, Defendants were under a legal duty to fully

6   disclose the hemotoxic and carcinogenic properties of their products

7   directly to Plaintiff.

8         77.   Defendants also owed a duty to disclose the toxic

9   properties of their products to Plaintiff because Defendants alone

10   had knowledge of material facts, to wit the toxic properties of their

11   products, which were not accessible to Plaintiff.

12         78.   Defendants also owed a duty to disclose the toxic

13   properties of their products to Plaintiff, because Defendants made

14   representations regarding their products, but failed to disclose

15   additional facts which materially qualify the facts disclosed, and/or

16   which rendered the disclosures made likely to mislead Plaintiff.

17         79.   Notwithstanding their knowledge of the hemotoxic and

18   carcinogenic properties of their chemical products, at all material

19   times hereto, Defendants concealed said toxic hazards from Plaintiff,

20   so that Plaintiff would use Defendants' chemical products.

21         80.   Plaintiff was unaware of the hemotoxic and

22   carcinogenic hazards of Defendants' chemicals and would not have

23   acted as he did had he known of said concealed hazards.

24         81.   As a direct and proximate result of Defendants'

25   fraudulent concealment of the toxic hazards of their chemical

26   products, Plaintiff was exposed to Defendants' chemical products in

27   the course of her employment at the places of employment, and has

28   suffered serious injuries and disease, including myelodysplastic

<center>22</center>

---

<center>**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**</center>

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Exhibit A, Page 30

F:\WP\Cases\A1607P\LEAD\DOC\COMPLAIN\Complaint.wpd

syndrome and other related medical conditions.

82. Plaintiff was exposed to each of the foregoing toxic chemicals.

83. Each of the toxic chemical products to which Plaintiff was exposed, was manufactured and/or supplied by defendants.

84. As a result of Plaintiff's exposure to the foregoing toxic chemical products, toxins within said toxic chemicals entered Plaintiff's body.

85. Plaintiff suffers from a specific illness, to wit, myelodysplastic syndrome, as well as other related and consequential injuries.

86. Each of the foregoing toxic chemical products caused Plaintiff's myelodysplastic syndrome and other injuries.

87. Each toxin that entered Plaintiff's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff's myelodysplastic syndrome and other injuries.

88. As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their chemicals, Plaintiff suffers from myelodysplastic syndrome and other related and consequential medical conditions.

89. Defendants had a duty to disclose the health hazards of their products to Plaintiff's employer; Defendants concealed significant health hazards from Plaintiff's employer; Defendants intended that the products be used by Plaintiff as one of her Employer's employee and therefore intended and had reason to expect that its concealment of health risks would be acted upon by Plaintiff who otherwise would not have used the toxic products at issue; in using the products Plaintiff acted in justifiable reliance that

23

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1697\PLEADDOCK\COMPLAIN\Complaint.wpd

Defendants had not concealed material facts of the toxic hazards of their products.

90.   As a direct and proximate result of Defendants' fraudulent concealment of the hemotoxic and carcinogenic hazards and other hazards of their chemical products, from Plaintiff and her Employer, Plaintiff was exposed to Defendants' chemical products in the course of her employment at the places of employment, and has suffered serious injuries and disease, including myelodysplastic syndrome and other related medical conditions.

91.   As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their chemicals, Plaintiff has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court, and Plaintiff has been unable to attend to her usual employment and activities.

92.   As a further direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their chemical products, Plaintiff has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

93.   As a further direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their chemical products, Plaintiff has suffered and will continue to suffer general damages to be established according to proof at trial.

94.   In exposing Plaintiff to said toxic chemicals, Defendants failed to warn Plaintiff of known dangers, consciously

24

**COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL**

F:\WP\Cases\M607\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4498
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

1   disregarded Plaintiff's safety despite knowledge of the probable

2   dangerous consequences of their chemicals, and willfully and

3   deliberately failed to avoid said dangerous consequences befalling

4   Plaintiff. Defendants were either aware of, or culpably indifferent

5   to, unnecessary risks of injury to Plaintiff and failed and refused

6   to take steps to eliminate or adequately reduce the risk of said

7   dangerous consequences to Plaintiff.   Defendants concealed known

8   toxic hazards of their chemicals from Plaintiff, specifically by

9   failing to warn Plaintiff of adverse toxic effects of their

10  chemicals, and such hazards were known by and such concealment was

11  ratified by the corporate officers and managers of each of the

12  defendants. Defendants consciously decided to market their chemicals

13  with knowledge of their harmful effects and without remedying the

14  toxic effects of their chemicals, and such marketing despite

15  knowledge of the foregoing toxic hazards of Defendants' products was

16  ratified by the corporate officers and managers of each of the

17  defendants.   Defendants also misrepresented the nature of their

18  chemical products, by withholding information from Plaintiff

19  regarding toxic chemicals released from their products during their

20  anticipated   or   reasonably   foreseeable   uses,   and   such

21  misrepresentation and withholding of information was ratified by the

22  corporate officers and managers of each of the defendants.

23       95.   Defendants' conduct in exposing Plaintiff to said

24  hemotoxic and carcinogenic chemicals without adequate warnings of

25  their toxic hazards and without adequate instructions for safe

26  handling and use was despicable, malicious, oppressive, and

27  perpetrated in conscious disregard of Plaintiff's rights and safety,

28  entitling Plaintiff to punitive and exemplary damages.

<div style="text-align:center">25</div>

<div style="text-align:center">COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL</div>

F:\WPMCases\1697\PLEADDOC\COMPLAIN\Complaint.wpd

## FIFTH CAUSE OF ACTION

### FOR BREACH OF IMPLIED WARRANTIES

(By Plaintiff, Barbara Sanchez,

Against All Named Defendants, including Does 1-100)

96.   Plaintiff refers to paragraphs 1 through 95 and, by this reference, incorporates said paragraphs herein as though set forth in full.

97.   At all times mentioned herein, Defendants were the importers, producers, and distributors of chemical products which were purchased by Plaintiff's Employer and delivered to or used at the places of employment, where Plaintiff was exposed to them.

98.   Defendants' chemical products to which Plaintiff was exposed are hemotoxic and carcinogenic.

99.   By placing their chemical products in the stream of commerce, Defendants impliedly warranted that their chemical products were reasonably fit for their intended uses, that their chemical products were of merchantable quality, that they were not defective, that they would function as safely as ordinary users would expect when used in an intended or reasonably foreseeable manner, and that they would not cause serious disease, harm, or death.

100. Defendants, and each of them, breached said implied warranties, because said toxic chemical products were not reasonably fit for their intended uses, were not of merchantable quality, were defective, and failed to perform as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner, and caused serious injuries to Plaintiff, as herein described.

101. Plaintiff was exposed to each of the foregoing toxic

26

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

F:\WP\Cases\1867\PLEADDOC\COMPLAIN\Complaint.wpd

chemicals.

102.   Each of the toxic chemical products to which Plaintiff was exposed, was manufactured and/or supplied by the foregoing defendants.

103. As a result of Plaintiff's exposure to the foregoing toxic chemical products, toxins within said toxic chemicals entered Plaintiff's body.

104.   Plaintiff suffers from a specific illness, to wit, myelodysplastic syndrome, as well as other related and consequential injuries.

105.   Each of the foregoing toxic chemical products caused Plaintiff's myelodysplastic syndrome and other injuries.

106.   Each toxin that entered Plaintiff's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff's myelodysplastic syndrome and other injuries.

107.   As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff has suffered serious injuries and disease, including myelodysplastic syndrome and other related and consequential medical conditions.

108.   As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff was exposed to Defendants' chemicals in the course of her employment at the places of employment, and has suffered serious injuries and disease, including myelodysplastic syndrome and other related and consequential medical conditions.

109. As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff has been required to expend money and incur obligations for medical and related expenses in an

27

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

Exhibit A, Page 35

F:\WP\Cases\1607\PLEADOC\COMPLAINT\Complaint.wpd

amount not yet determined but well in excess of the jurisdictional minimum of the Court, and Plaintiff has been unable to attend to her usual employment and activities.

110. As a further direct and proximate result of Defendants' breaches of implied warranties, Plaintiff has suffered lost income and will continue to suffer loss of future income, support and maintenance, all to Plaintiff's damage in a sum to be established according to proof.

111. As a further direct and proximate result of Defendants' breaches of implied warranties, Plaintiff has suffered and will continue to suffer general damages according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages in a sum in excess of the minimum jurisdictional amount of the court;

2. For medical expense and medical monitoring expense, and incidental expenses related thereto according to proof;

3. For loss of earnings according to proof;

4. For increased risk of future injury and disease, and fear of such, according to proof;

5. For diminished quality and enjoyment of life, according to proof;

6. For loss of years of life, according to proof;

7. For immune system dysregulation, according to proof;

8. For other consequential damages for other injuries as

28

COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1607\PLEADDOC\COMPLAIN\Complaint.wpd

1  they are ascertained, according to proof;

2          9.   For pre- and post-judgment interest allowed by law;

3          10.  For punitive damages according to proof;

4          11.  For plaintiff's costs of suit incurred herein; and,

5          12.  For such other and further relief as the Court deems

6  just and proper.

7

8  DATE: June 12, 2019          METZGER LAW GROUP
                                A Professional Law Corporation
9

10

11

12                             RAPHAEL METZGER, ESQ.
                                Attorneys for Plaintiff
13                              Barbara Sanchez

14

15                        DEMAND FOR JURY TRIAL

16

17          Pursuant to Cal. Code of Civil Procedure § 600 et seq. (and

18  Rule 38 of the Federal Rules of Civil Procedure should this case ever

19  be removed to federal court), Plaintiff hereby demands trial by jury

20  of all issues which may be tried to a jury.

21

22  DATE: June 12, 2019          METZGER LAW GROUP
                                A Professional Law Corporation
23

24

25

26                             RAPHAEL METZGER, ESQ.
                                Attorneys for Plaintiff
27                              Barbara Sanchez

28

                                  29

            COMPLAINT FOR TOXIC INJURIES; DEMAND FOR JURY TRIAL

Exhibit A, Page 37

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>RAPHAEL METZGER, ESQ., SBN 116020<br>METZGER LAW GROUP<br>401 E. OCEAN BLVD., SUITE 800<br><br>LONG BEACH, CA 90802-4966<br>TELEPHONE NO.: (562) 437-4499  FAX NO.: (562) 436-1561<br>ATTORNEY FOR (Name): Plaintiff Barbara Sanchez<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>STREET ADDRESS: 1100 Anacapa Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Barbara, CA 93101<br>BRANCH NAME: Anacapa Division | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>6/12/2019 4:19 PM<br>By: Elizabeth Spann, Deputy |
| --- | --- |
| CASE NAME: Sanchez v. Does | |

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>19CV03098 |
| --- | --- | --- |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
| --- | --- | --- |
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [X] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 12, 2019
RAPHAEL METZGER, ESQ., SBN 116020
(TYPE OR PRINT NAME)                                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
| --- | --- | --- |

Legal Solutions Plus

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 (Rev. July 1, 2007)                **CIVIL CASE COVER SHEET**                Page 2 of 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): RAPHAEL METZGER, ESQ., SBN 116020   TELEPHONE NO.: (562) 437-4499 | FOR COURT USE ONLY |
|---|---|
| METZGER LAW GROUP<br>401 E. OCEAN BLVD., SUITE 800<br>LONG BEACH, CA  90802-4966<br>ATTORNEY FOR (NAME): Plaintiff Barbara Sanchez | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>6/12/2019 4:19 PM<br>By: Elizabeth Spann, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA

| ☐ Santa Barbara–Anacapa<br>1100 Anacapa Street<br>Santa Barbara, CA  93101 | ☐ Santa Maria-Cook<br>312-C East Cook Street<br>Santa Maria, CA  93454 | ☐ Lompoc Division<br>115 Civic Center Plaza<br>Lompoc, CA  93436 |
|---|---|---|

PLAINTIFF:  BARBARA SANCHEZ

DEFENDANT: DOES 1 THROUGH 100, INCLUSIVE

| CIVIL CASE COVER SHEET ADDENDUM | CASE NUMBER: 19CV03098 |
|---|---|

Santa Barbara County Superior Court Local Rule, rule 201 divides Santa Barbara County geographically into two separate regions referred to as "South County" and "North County," the boundaries of which are more particularly defined in rule 201. "South County" includes the cities of Carpinteria, Santa Barbara, and Goleta; "North County" includes the cities of Santa Maria, Lompoc, Buellton and Solvang.  A map depicting this geographical division is contained in Appendix 1 to the local rules.

Local Rule 203 provides: "When, under California law, 'North County' would be a 'proper county' for venue purposes, all filings for such matters shall be in the appropriate division of the Clerk's office in North County.  All other filings shall be made in the Clerk's office in the appropriate division of the Court in South County.  The title of the Court required to be placed on the first page of documents pursuant to CRC 2.111 includes the name of the appropriate Court division."

A plaintiff filing a new complaint or petition is required by Local Rule 1310 to complete and file this Civil Case Cover Sheet Addendum to state the basis for filing in North County or South County.

The undersigned represents to the Court:

This action is filed in  ☐ North County  ☒ South County  because venue is proper in this region for the following reason(s):

☐ A defendant resides or has its principal place of business in this region at: _____

☒ The personal injury, damage to property, or breach of contract that is claimed in the complaint occurred in this region at: 700 Ward Drive, Santa Barbara CA, 93111

☐ There is a related case filed with the court in this region (e.g., the related personal injury action to a petition to transfer structured settlement payments) [identify case, including case number]: _____

☐ Venue is otherwise proper in this region because [explain]: _____

Dated:  June 12, 2019                                          _____
                                                    Signature of Plaintiff or Plaintiff's Counsel

Form Adopted for Mandatory Use
Santa Barbara Superior Court
SC-2069 [New July 2018]                    CIVIL CASE COVER SHEET ADDENDUM

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**<br><br>STREET ADDRESS:  1100 Anacapa Street<br>CITY AND ZIP CODE:  Santa Barbara CA  93101<br>BRANCH NAME:  Anacapa | *FOR COURT USE ONLY*<br><br>**FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>**06/13/2019**<br>Darrel E. Parker, Executive Officer<br>BY  Spann, Elizabeth<br>Deputy Clerk |
| CAPTION:<br><br>**Barbara Sanchez vs Does 1 through 100 inclusive** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**19CV03098** |

The above case is hereby assigned to Judge **Pauline Maxwell** for ALL purposes, including trial.  All future matters, including ex-parte matters, are to be scheduled with the assigned judge.  Counsel shall include the name of the assigned judge in the caption of every document filed with the court.  The above-entitled case is hereby ordered set for:

**Case Management Conference on 10/16/2019 at 8:30 AM in SB Dept 6 at the court address above.**

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors.  A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service.  Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions.  Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110).  In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:  6/13/2019

_____
Judge of the Superior Court
Michael Carrozzo

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): Santa Barbara, California on: 06/13/19.

Raphael Metzger
Metzger Law Group
401 E Ocean Blvd Ste 800
Long Beach CA  90802-4966

| | | | |
|---|---|---|---|
| Darrel E. Parker, Executive Officer | By | Elizabeth Spann | Deputy Clerk |

| | | |
|---|---|---|
| SC-2028 [Rev. 7/1/02] | **ORDER & NOTICE OF CASE ASSIGNMENT**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | Local Rule 1309<br>CRC 3.222 |

F:\WP\Cases\1607\NOTICES\2019-06-12 Notice of Posting Jury Fees.wpd

METZGER LAW GROUP
RAPHAEL METZGER, ESQ., SBN 116020
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA  90802-4966
TELEPHONE:  (562) 437-4499
TELECOPIER:  (562) 436-1561
http://www.toxictorts.com

Attorneys for Plaintiff,
Barbara Sanchez

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
9/19/2019 11:57 AM
By: Narzralli Baksh, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| BARBARA SANCHEZ, | ) | CASE NO. 19CV03098 |
| Plaintiff, | ) | PLAINTIFFS' NOTICE OF POSTING JURY FEES |
| vs. | ) | |
| DOES 1 through 100, INCLUSIVE, | ) | |
| Defendants. | ) | |

PLAINTIFFS' NOTICE OF POSTING JURY FEES

F:\WPCases\1007\NOTICES\2019-06-12 Notice of Posting Jury Fees.wpd

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs hereby post jury fees of $150.00.


DATE: June 12, 2019            METZGER LAW GROUP
                              A Professional Law Corporation



                              RAPHAEL METZGER, ESQ.
                              Attorneys for Plaintiff
                              Barbara Sanchez

PLAINTIFFS' NOTICE OF POSTING JURY FEES

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Evan R. Cole, Esq. (SBN 295848)<br>METZGER LAW GROUP<br>401 E. OCEAN BLVD., SUITE 800<br>LONG BEACH, CA 90802-4966<br>TELEPHONE NO.: (562) 437-4499   FAX NO. *(Optional):* (562) 436-1561<br>E-MAIL ADDRESS *(Optional):* ecole@toxictorts.com<br>ATTORNEY FOR *(Name):* Plaintiff Barbara Sanchez | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>9/30/2019 2:46 PM<br>By: Narzralli Baksh, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

PLAINTIFF/PETITIONER: BARBARA SANCHEZ

DEFENDANT/RESPONDENT: DOES 1 THROUGH 100, INCLUSIVE

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] UNLIMITED CASE        [ ] LIMITED CASE<br>(Amount demanded              (Amount demanded is $25,000<br>exceeds $25,000)                 or less) | 19CV03098 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: October 16, 2019      Time: 8:30 a.m.   Dept.: 6      Div.:        Room:
Address of court *(if different from the address above):*

[x] Notice of Intent to Appear by Telephone, by *(name):* Evan R. Cole

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [x]  This statement is submitted by party *(name):* Plaintiff Barbara Sanchez
   b. [ ]  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  The complaint was filed on *(date):*
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [x]  The following parties named in the complaint or cross-complaint
       (1) [x]  have not been served *(specify names and explain why not):* See 19a
       (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
       (3) [ ]  have had a default entered against them *(specify names):*
   c. [x]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [x] complaint      [ ] cross-complaint      *(Describe, including causes of action):*
       TOXIC INJURIES ASSERTING CAUSES OF ACTION FOR: (1) NEGLIGENCE; (2) STRICT
       LIABILITY - FAILURE TO WARN; (3) STRICT LIABILITY - DESIGN DEFECT; (4)
       FRAUDULENT CONCEALMENT; (5) BREACH OF IMPLIED WARRANTIES

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Legal<br>Solutions<br>& Plus | Cal. Rules of Court,<br>rules 3.720-3.730 |
|---|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: BARBARA SANCHEZ | CASE NUMBER: |
| DEFENDANT/RESPONDENT: DOES 1 THROUGH 100, INCLUSIVE | 19CV03098 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff, Barbara Sanchez, age 66, is suffering from Myelodysplastic Syndrome, a progressive and serious condition which can lead to other related and consequential injuries. This was caused by his exposure to various chemicals she worked with or around throughout the course of her employment at chemical plants from about 1973 through 2003 around the Santa Barbara area.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [X] a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Due to the nature of toxic tort discovery, these cases take longer to prepare. For example, a great deal of third-party discovery.
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [X] days *(specify number):* 10
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [X] by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:          f. Fax number:
e. E-mail address:          g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel [X] has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. Referral to judicial arbitration or civil action mediation *(if available).*
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: BARBARA SANCHEZ<br>DEFENDANT/RESPONDENT: DOES 1 THROUGH 100, INCLUSIVE | CASE NUMBER:<br>19CV03098 |
| --- | --- |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed to participate in or have already completed an ADR process or processes**, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
| --- | --- | --- |
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (date):<br>[ ] Agreed to complete mediation by (date):<br>[ ] Mediation completed on (date): |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (date):<br>[ ] Agreed to complete settlement conference by (date):<br>[ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (date):<br>[ ] Agreed to complete neutral evaluation by (date):<br>[ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (date):<br>[ ] Agreed to complete judicial arbitration by (date):<br>[ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (date):<br>[ ] Agreed to complete private arbitration by (date):<br>[ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (date):<br>[ ] Agreed to complete ADR session by (date):<br>[ ] ADR completed on (date): |

CM-110 [Rev. July 1, 2011]                     **CASE MANAGEMENT STATEMENT**                     Page 3 of 8

CM-110

| PLAINTIFF/PETITIONER: BARBARA SANCHEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOES 1 THROUGH 100, INCLUSIVE | 19CV03098 |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery to Defendants | Per Code |
| Plaintiff | Deposition of Plaintiff's employees and co-workers | Per Code |
| Plaintiff | Deposition of COR/PMK of Defendants | Per Code |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: BARBARA SANCHEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOES 1 THROUGH 100, INCLUSIVE | 19CV03098 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:  Plaintiff has not yet named any of the Doe defendants. Plaintiff's former employer has not been cooperative with her employment record requests. Plaintiff has issued subpoena which are pending at the time of the drafting of this statement.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20.** Total number of pages attached *(if any)*: n/a

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 30, 2019

Evan R. Cole
_____          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                Page 6 of 5

F:\WP\Cases\1867\NOTICES\2019.10.16 Notice of CMC.wpd

METZGER LAW GROUP
RAPHAEL METZGER, ESQ., SBN 116020
EVAN R. COLE, ESQ., SBN 295848
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA  90802-4966
TELEPHONE:  (562) 437-4499
TELECOPIER:  (562) 436-1561
http://www.toxictorts.com

Attorneys for Plaintiff,
Barbara Sanchez

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/17/2019 11:55 AM
By: Narzralli Baksh, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| BARBARA SANCHEZ, | ) | CASE NO. 19CV03098 |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE** |
| vs. | ) | |
| DOES 1 through 100, INCLUSIVE, | ) | Date:    January 22, 2020 |
| Defendants. | ) | Time:    8:30 a.m. |
| | ) | Dept.:   6 |

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE

Exhibit A, Page 49

F:\WP\Cases\1607\NOTICES\2019.10.16 Notice of CMC.wpd

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE the Court has scheduled a Case Management Conference in this case on January 22, 2020 at 8:30 a.m. in Dept. 6 of the above-entitled Court.

Plaintiff's counsel to provide notice to Defendants when Defendants are identified and served.

DATE: October 17, 2019

METZGER LAW GROUP
A Professional Law Corporation

RAPHAEL METZGER, ESQ.
EVAN R. COLE, ESQ.
Attorneys for Plaintiff
Barbara Sanchez

1

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA BARBARA**

| | | | |
|---|---|---|---|
| Dated and Entered: | 10/16/2019 | Time: | 8:30 AM |
| Judicial Officer: | Pauline Maxwell | | |
| Deputy Clerk: | Kristi Temple | Dept: | SB Dept 6 |
| Deputy Sheriff: | Dan McCammon | | |
| Court Reporter: | Joyce Holbrook | Case No: | 19CV03098 |

**Barbara Sanchez vs Does 1 through 100 inclusive**

Parties Present:

Evan Cole          Plaintiff's Attorney (via CourtCall)

**NATURE OF PROCEEDINGS:  Case Management Conference**

The following hearing was scheduled:

January 22, 2020 8:30 AM
Case Management Conference
SB Dept 6
Maxwell, Pauline

Plaintiff's counsel was directed to give notice.


DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

                                             _____ Kristi Temple _____ , Deputy


SC-2411 (Revised July 1, 2013)          **MINUTE ORDER**

F:\WP\Cases\1867\NOTICES\2019-12-02 Change of Address.wpd

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
EVAN R. COLE, ESQ., SBN 295848
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA  90802-4966
TELEPHONE:  (562) 437-4499
TELECOPIER: (562) 436-1561

Attorneys for Plaintiff,
BARBARA SANCHEZ

**ELECTRONICALLY FILED**
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/3/2019 1:34 PM
By: Terri Chavez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

| | | |
|---|---|---|
| BARBARA SANCHEZ, | ) | CASE NO. 19CV03098 |
| Plaintiff, | ) | **NOTICE OF CHANGE OF ADDRESS** |
| vs. | ) | |
| DOES 1 through 100, Inclusive, | ) | |
| Defendants. | ) | |

**NOTICE OF CHANGE OF ADDRESS**

F:\WP\Cases\1867\NOTICES\2019-12-02 Change of Address.wpd

1     TO THE HONORABLE COURT, AND TO ALL PARTIES HERETO, AND TO

2  THEIR ATTORNEYS OF RECORD:

3

4     PLEASE TAKE NOTICE that counsel for Plaintiff(s), the

5  Metzger Law Group, is relocating its offices and **effective January**

6  **1, 2020,** the address will be:

7

8          555 E. Ocean Boulevard, Suite 800

9              Long Beach, CA 90802

10

11  Contact numbers and email addresses will remain the same.

12

13  DATED: December 3, 2019      METZGER LAW GROUP
                                A Professional Law Corporation
14

15

16

17                              EVAN R. COLE, ESQ.
                                Attorneys for Plaintiff
18                              BARBARA SANCHEZ

19

20

21

22

23

24

25

26

27

28
                                    2
                        NOTICE OF CHANGE OF ADDRESS

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Evan Cole (CA SBN 295648) Metzger Law Group 555 E. Ocean Blvd., Ste 800, Long Beach, CA 90802 TELEPHONE NO.: 562-437-4499     FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* Ecole@toxictorts.com ATTORNEY FOR *(Name):* Plaintiffs | **ELECTRONICALLY FILED** Superior Court of California County of Santa Barbara Darrel E. Parker, Executive Officer 1/8/2020 2:59 PM By: Sarah Sisto, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Division

PLAINTIFF/PETITIONER: Barbara Sanchez

DEFENDANT/RESPONDENT: Does 1 through 100

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☑ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | 19CV03098 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: 1/22/20          Time: 8:30a.m.          Dept.: 6          Div.:          Room:
Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Evan R. Cole

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff Barbara Sanchez
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 6/12/19
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not):* Please see 19a
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      Toxic injuries Asserting causes of action for negligence, strict liability for failure to warn and design defect, fraudulent concealment, and breach of implied warranties

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5 Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |

**CM-110**

| PLAINTIFF/PETITIONER: Barbara Sanchez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Does 1 through 100 | 19CV03098 |

4. b.   Provide a brief statement of the case, including any damages. *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff, Barbara Sanchez, age 66, is suffering from Myelodysplastic Syndrome, a progressive and serious condition which can lead to other related andconsequential injuries. This was caused by his exposure to various chemicals she worked with or around throughout the course of her employment tchemical plants from about 1973 through 2003 around the Santa Barbara area.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial.   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                                   f.   Fax number:
e.   E-mail address:                                                      g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party   ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation (if available).**
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Barbara Sanchez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Does 1 through 100 | 19CV03098 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4)  Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5)  Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: Barbara Sanchez | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Does 1 through 100 | 19CV03098 |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Oral discovery | Per code |
| Plaintiff | Written discovery | Per code |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: Barbara Sanchez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Does 1 through 100 | 19CV03098 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
        Since the last case management conference, Plaintiff's former employer is finally being cooperative with plaintiff's investigation into the causes of her toxic injuries. Plaintiff's counsel and her former employer are working together on fulfilling the requests of a subpoena for Plaintiff's prior work records and the work facility records

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):***    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 1/4/20

Evan R. Cole

| _____ | ▶ _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | ▶ _____ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 295848 | Reserved for Clerk's File Stamp |
|---|---|---|

Evan R. Cole
METZGER LAW GROUP
555 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA  90802-4966
(562) 437-4499
ATTORNEY FOR (Name):  Plaintiff Barbara Sanchez

**ELECTRONICALLY FILED**
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
1/21/2020 8:00 AM
By: Terri Chavez, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
1100 Anacapa Street
Santa Barbara, CA 93101

PLAINTIFF: BARBARA SANCHEZ

DEFENDANT: DOES 1 THROUGH 100, INCLUSIVE

| **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | CASE NUMBER:<br>19CV03098 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
NuSil Technology, LLC

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>January 17, 2020 | TYPE OR PRINT NAME<br>Evan R. Cole | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME<br>Evan R. Cole | SIGNATURE OF ATTORNEY |
|---|---|---|

**ORDER**

THE COURT ORDERS the amendment approved and filed.

_____                    _____
Dated                                                            Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474
LA-15



| SHORT TITLE: Sanchez v. Does | CASE NUMBER:<br>19CV03098 |
|---|---|

1                          ATTACHMENT TO AMENDMENT TO COMPLAINT

2   DOE 1

3   NuSil Technology, LLC is being sued as the manufacturer/supplier of the

4   following product(s):

5        MED3-6300 Part A

6        MED3-6300 Part B

7        MED3-6311 Part A

8        MED3-6311 Part B

9   and other chemical products to be determined during discovery.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   *(Required for verified pleading)* The items on this page stated on information and belief *(specify item numbers, not line numbers):*

27   This page may be used with any Judicial Council form or any other paper filed with this court.    Page 2

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1997]
Optional Form

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

Legal
Solutions
Plus 

CRC 201, 501

Exhibit A, Page 60

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 295848 | Reserved for Clerk's File Stamp |
|---|---|---|
| Evan R. Cole<br>METZGER LAW GROUP<br>555 E. OCEAN BLVD., SUITE 800<br>LONG BEACH, CA 90802-4966<br>(562) 437-4499<br>ATTORNEY FOR (Name): Plaintiff Barbara Sanchez | | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>1/22/2020 2:24 PM<br>By: Elizabeth Spann, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
1100 Anacapa Street
Santa Barbara, CA 93101

PLAINTIFF: BARBARA SANCHEZ

DEFENDANT: DOES 1 THROUGH 100, INCLUSIVE

| AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | CASE NUMBER:<br>19CV03098 |
|---|---|

[x] **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
Praxair, Inc.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>1/21/2020 | TYPE OR PRINT NAME<br>Evan R. Cole | SIGNATURE OF ATTORNEY |
|---|---|---|

[ ] **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME<br>Evan R. Cole | SIGNATURE OF ATTORNEY |
|---|---|---|

**ORDER**

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474
LA-15

Exhibit A, Page 61



| SHORT TITLE: Sanchez v. Does | CASE NUMBER: 19CV03098 |
|---|---|

Attachment to Amendment to Complaint

DOE 2

Praxair, Inc. is being sued as the manufacturer/supplier of the following product(s):

    Ethylene Oxide

and other chemical products to be determined during discovery.

*(Required for verified pleading)* The Items on this page stated on information and belief *(specify Item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with this court.   Page 2

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

Legal
Solutions
Plus

CRC 201, 501

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA BARBARA**

| | | | |
|---|---|---|---|
| Dated and Entered: | 01/22/2020 | Time: | 8:30 AM |
| Judicial Officer: | Pauline Maxwell | | |
| Deputy Clerk: | Kristi Temple | Dept: | SB Dept 6 |
| Deputy Sheriff: | Ron Hutchins | | |
| Court Reporter: | Elizabeth Mooy | Case No: | 19CV03098 |

**Barbara Sanchez vs Does 1 through 100 inclusive et al**

Parties Present:

Evan Cole          Plaintiff's Attorney (via CourtCall)

**NATURE OF PROCEEDINGS:  Case Management Conference**

The following hearing was scheduled:

May 13, 2020 8:30 AM
Case Management Conference
SB Dept 6
Maxwell, Pauline

Plaintiff's counsel was directed to give notice.

DARREL E. PARKER, EXECUTIVE OFFICER          Minutes Prepared by:

_____ , Deputy
                    Kristi Temple

SC-2411 (Revised July 1, 2013)          **MINUTE ORDER**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>none , none<br>Metzger Law Group<br>401 E. Ocean Blvd., Suite 800<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562)437-4499 Ext 825<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>2/20/2020 1:17 PM<br>By: Tina Contreras, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Santa Barbara County<br>1100 Anacapa Street<br>Santa Barbara, CA 93101 | |
| PLAINTIFF/PETITIONER: Barbara Sanchez<br><br>DEFENDANT/RESPONDENT: Does | CASE NUMBER:<br>19CV03098 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>1807 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

   Summons, Amendment to Complaint, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Posting Jury Fees, Notice of Case Management Conference

3. a. Party served: Praxair, Inc.
   b. Person Served: Becky DeGeorge - CSC - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                        Sacramento, CA 95833
5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 02/11/2020     (2) at (time): 2:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

   Praxair, Inc.
   under: CCP 416.10 (corporation)
7. Person who served papers
   a. Name:      Tyler Anthony Dimaria
   b. Address:   One Legal - 194-Marin
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No.: 2006-06
         (iii) County: Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 02/12/2020

Tyler Anthony Dimaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                      **PROOF OF SERVICE OF SUMMONS**     Code of Civil Procedure, § 417.10

                                                                         OL# 14411034

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| none , none<br>Metzger Law Group<br>401 E. Ocean Blvd., Suite 800<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562)437-4499 Ext 825<br>ATTORNEY FOR (Name): Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>2/20/2020 1:17 PM<br>By: Tina Contreras, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Santa Barbara County
1100 Anacapa Street
Santa Barbara, CA 93101

| PLAINTIFF/PETITIONER: Barbara Sanchez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Does | 19CV03098 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1607 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:
Summons, Amendment to Complaint, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Posting Jury Fees, Notice of Case Management Conference

3. a. Party served:  NuSil Technology, LLC
   b. Person Served: CSC - Becky Degeorge - Person Authorized to Accept Service of Process

4. Address where the party was served:  2710 Gateway Oaks Drive, Suite 150N
                                        Sacramento, CA 95833
5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 02/11/2020        (2) at (time): 2:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   NuSil Technology, LLC
   under: CCP 416.10 (corporation)
7. Person who served papers
   a. Name:      Tyler Anthony Dimaria
   b. Address:   One Legal - 194-Marin
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2006-06
          (iii) County:  Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 02/12/2020

            Tyler Anthony Dimaria
            (NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use                                                     Code of Civil Procedure, § 417.10
Judicial Council of California POS-010              **PROOF OF SERVICE OF SUMMONS**
[Rev. Jan 1, 2007]                                                                 OL# 14410983



# United States District Court
### Central District of California
## Office of the Clerk



**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

**FILED**
CLERK, U.S. DISTRICT COURT
MAR 3 1 2020
CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

March 19, 2020

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

MAR 2 7 2020

Darrel E. Parker, Executive Officer
BY_____
Narzralli Baksh, Deputy Clerk

Santa Barbara Superior Court
1100 Anacapa Street
Santa Barbara, CA 93101

Re:  Case Number:  ____2:20-cv-01867-FMO-AS____
Previously Superior Court Case No.  ____19CV03098____
Case Name:  ____Barbara Sanchez v. Does____

Dear Sir/Madam:

Pursuant to this Court's ORDER OF REMAND issued on ____3/19/2020____, the above-referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to the location shown below. Thank you for your cooperation.

United States Courthouse
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

Respectfully,

Clerk, U.S. District Court

By:  _/s/ Ingrid Valdes_
Deputy Clerk
ingrid_valdes@cacd.uscourts.gov

*Encls.*
*cc: Counsel of record*

Receipt is acknowledged of the documents described above.

March 27, 2020
_____
Date

Clerk, Superior Court

By_____
Deputy Clerk
NARZRALLY BAKSH

CV-103 (05/18)   LETTER OF TRANSMITTAL – REMAND TO SUPERIOR COURT (CIVIL)

**EXHIBIT B**

## **DECLARATION OF STACY BROAD**

I, Stacy Broad, declare and state as follows:

1.    I am over the age of 18 and am otherwise competent to testify. I have personal knowledge of the facts stated below.

2.    I am Assistant Secretary of NuSil Technology LLC.

3.    Plaintiff Barbara Sanchez filed her Complaint on June 12, 2019.

4.    NuSil Technology LLC is a limited liability company organized and existing under the laws of the State of Delaware.

5.    NuSil Technology LLC's principal office is located at 100 Matsonford Road, Building One, Suite 200, Radnor Pennsylvania 19087.

6.    Michael Stubblefield is the Chief Executive Officer of NuSil Technology, LLC. Mr. Stubblefield's principal office is located at 100 Matsonford Road, Building One, Suite 200, Radnor, Pennsylvania 19087.

7.    NuSil Technology LLC's sole member is and was at the time Plaintiff filed her Complaint, NuSil Investments LLC.

8.    NuSil Investments LLC is, and was at the time Plaintiff filed her Complaint, a limited liability company organized and existing under the laws of the State of Delaware.

9.    NuSil Investments LLC's sole member is and was at the time Plaintiff filed her Complaint, NuSil Acquisition Corporation.

10.    NuSil Acquisition Corporation is and was at the time Plaintiff filed her Complaint, a Delaware corporation with its registered agent and address located in the State of Delaware.

11.    NuSil Acquisition Corporation is a wholly owned subsidiary of Avantor Funding, Inc.

12.    Avantor Funding, Inc. is and was at the time Plaintiff filed her Complaint a Delaware Corporation with its principal place of business in Pennsylvania.

13.    Avantor Funding, Inc. is and was at the time Plaintiff filed her Complaint a wholly owned subsidiary of Vail Holdco Sub, LLC.

1       14.    Vail Holdco Sub, LLC is and was at the time Plaintiff filed her Complaint a limited

2   liability company organized and existing under the laws of the State of Delaware.

3       15.    Vail Holdco Sub, LLC's sole member is Avantor, Inc., a Delaware Corporation

4   with its principal place of business in Pennsylvania.

5       16.    At the time this Complaint was served on NuSil Technology LLC, there was no

6   indication whether it was removable since the Plaintiff had named only Doe Defendants and the

7   residence of those Doe Defendants was unknown and had not been alleged.

8       17.    After the Plaintiff moved to remand this action back to state court, and challenged

9   the residence of NuSil Technology LLC, as described in its public filing with the California

10   Secretary of State, it was necessary to research the background of each of the foregoing entities in

11   order to determine the residence of NuSil Technology LLC and each of the entities having an

12   interest in NuSil Technology LLC. Some of the information was obtained from archival sources

13   and some of it had to be obtained externally from the State of Delaware. The information described

14   in this declaration was obtained as a result of my research and I did not have all of this information

15   until April 7, 2020.

16

17

18       I declare under penalty of perjury under the laws of the United States of America that the

19   foregoing is true and correct and that this declaration is executed on this 9th day of April, 2020 at

20   in Coopersburg, Pennsylvania.

21

22                               _Stacy Broad_

23                       Stacy Broad, Assistant Secretary
                         NuSil Technology LLC

24

25

26

27

28

DECLARATION OF STACY BROAD

**EXHIBIT C**

1 **FAEGRE DRINKER BIDDLE & REATH LLP**
2 KAREN FIRSTENBERG (Bar No. 222432)
*karen.firstenberg@faegredrinker.com*
3 DAVID P. KOLLER (Bar No. 328633)
*david.koller@faegredrinker.com*
4 11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
5 Telephone:   (310) 500-2090
Facsimile:    (310) 500-2091
6

7 Attorneys for Defendant,
PRAXAIR, INC.
8

9
                    **UNITED STATES DISTRICT COURT**
10
           **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
11

12 | BARBARA SANCHEZ, | Case No. |
|---|---|
13 |                  Plaintiff, | Honorable |
|   |  | Magistrate Judge |
14 |        vs. |  |
15 | DOES 1 through 100, INCLUSIVE, | **DEFENDANT PRAXAIR, INC'S** |
|   |  | **CONSENT AND JOINDER TO** |
16 |                  Defendants. | **REMOVAL** |
17 |   |  |
18 |   | Complaint Filed:  June 12, 2019 |
|   |  | Date Removed: |
19 |   |  |
20

21

22

23

24

25

26

27

28

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

US.126823506.01

1    COMES NOW Defendant Praxair, Inc., by and through the undersigned

2    counsel, and pursuant to 28 U.S.C. § 1446, hereby consents to and joins the removal

3    of the above-styled matter, *Barbara Sanchez v. DOES 1 through 100, Inclusive*, Case.

4    No: 19CV03098 currently pending in the Santa Barbara County Superior Court, to

5    the United States District Court for the Central District of California, Western

6    Division.

7        In consenting to and joining in the removal of this action, the undersigned

8    defendant does not intend to waive any rights or defenses to which they are otherwise

9    entitled, including but not limited to those items as set forth in Rule 12(b) of the

10   Federal Rules of Civil Procedure.

11

12   Dated:  April 2, 2020               **FAEGRE DRINKER BIDDLE & REATH**
                                         **LLP**
13

14

15   By: _____
                                         KAREN M. FIRSTENBERG
16                                       DAVID KOLLER
17
                                         Attorney for Defendant
18                                       PRAXAIR, INC.
19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**



| | F |
|---|---|

## State of California
## Secretary of State

### Statement of Information
(Foreign Corporation)
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

### GB38195
# FILED
In the office of the Secretary of State
of the State of California

### DEC-13 2019

| 1.   CORPORATE NAME |
|---|
| PRAXAIR, INC. |

| 2.   CALIFORNIA CORPORATE NUMBER | C1629208 |
|---|---|

*This Space for Filing Use Only*

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3.   If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.
☐   If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 13.

**Complete Addresses for the Following** (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4.   STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | | |
| 10 RIVERVIEW DRIVE, DANBURY, CT 06810 | | | | |
| 5.   STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | CITY | STATE | ZIP CODE |
| 6.   MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4 | | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7.   CHIEF EXECUTIVE OFFICER/           ADDRESS | | | | |
| STEPHEN F ANGEL      10 RIVERVIEW DRIVE, DANBURY, CT 06810 | | | | |
| 8.   SECRETARY                          ADDRESS | | CITY | STATE | ZIP CODE |
| GUILLERMO BICHARA     10 RIVERVIEW DRIVE, DANBURY, CT 06810 | | | | |
| 9.   CHIEF FINANCIAL OFFICER/           ADDRESS | | CITY | STATE | ZIP CODE |
| MATTHEW J WHITE     10 RIVERVIEW DRIVE, DANBURY, CT 06810 | | | | |

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

| 10.  NAME OF AGENT FOR SERVICE OF PROCESS |
|---|
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |

| 11.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**  CITY | | STATE | ZIP CODE |
|---|---|---|---|

**Type of Business**

| 12.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION |
|---|
| INDUSTRIAL GASES |

13.  THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| 12/13/2019 | BOBBIE CAHILL | TAX ACCOUNTANT | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-350 (REV 01/2013) | | APPROVED BY SECRETARY OF STATE |
|---|---|---|