UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3329 FMO (ASx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Barbara Sanchez v. Does 1 through 100, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Remanding Action

On June 12, 2019, plaintiff filed a Complaint in the Santa Barbara County Superior Court asserting state law claims against defendants Praxair, Inc. ("Praxair") and Nusil Technology LLC ("NuSil"). (See Barbara Sanchez v. Does 1 through 100, Inclusive, CV 20-1867 FMO (ASx) ("Sanchez I") Dkt. 1, Notice of Removal ("NOR") at ¶ 5; Dkt. 1-1, Exh. A, Complaint). On February 26, 2020, Praxair removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. NuSil joined in Praxair's removal. (See id., Dkt. 1, NOR at ¶ 9; Dkt. 1-3, Defendant NuSil Technology LLC's Consent and Joinder in Removal ("NuSil Consent")). The court subsequently remanded the case for failure to establish diversity jurisdiction with respect to NuSil. (See id. at Dkt. 15).

On April 9, 2020, the case was removed again on diversity jurisdiction grounds but this time by defendant NuSil. (See Dkt. 1, Defendant Nusil Technology LLC's Notice of Removal ("NOR") at ¶ 3). NuSil acknowledges that it was served with the summons and complaint on or about February 14, 2020,[1] (see id. at ¶ 10), but asserts that its removal was timely. (See id. at ¶¶ 16-20). Plaintiff now moves to remand. (See Dkt. 11, Motion). The court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and having reviewed the briefing and the record, the court hereby remands this action to state court.

**LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden

---

[1] According to plaintiff, NuSil was served on February 11, 2020. (See Dkt. 11, Plaintiff's Motion to Remand Action to Santa Barbara Superior Court ("Motion") at 3). For purposes of this Motion, the court will rely on the date provided by NuSil since it does not affect the outcome.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3329 FMO (ASx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Barbara Sanchez v. Does 1 through 100, et al. | | |

of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[2] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**DISCUSSION**

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

A defendant may not "ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). Once a defendant receives a pleading or other document that contains information from which removability may be ascertained, defendant has an obligation "to apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotation marks omitted).

Here, although Nusil was served with the summons and Complaint on February 14, 2020 – making the instant removal clearly untimely – and consented to the first removal of the action by Praxair, Nusil contends that its subsequent removal is timely because it was "filed within thirty days of receipt of 'other paper' which establishe[d] that the case [was] now removable." (Dkt. 1, NOR at ¶ 4; see id. at ¶¶ 16-20). In other words, NuSil relies on is its own determination that it was not a citizen of California, (see Dkt. 1, NOR at ¶¶ 16-20), as the "other paper" justifying the removal. (See id. at ¶ 4). Specifically, Nusil alleges that after its citizenship was challenged, its corporate officer, Stacy Broad ("Broad") "researched the facts and history underlying the residence of NuSil and its members, and the information she obtained established that there is complete diversity between Plaintiff and the Defendants[.]" (Id.). According to NuSil, its research into its

---

[2] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3329 FMO (ASx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Barbara Sanchez v. Does 1 through 100, et al. | | |

own citizenship was not completed until April 7, 2020. (Id. at ¶ 20; Dkt. 1-1, Exh. A, Declaration of Stacy Broad at ¶ 17). Nusil's contentions are unpersuasive.

As an initial matter, the court finds it incredible that any business or corporate entity is not aware of its own citizenship for purposes of suing and being sued. Moreover, it appears that there is a serious question as to whether the instant NOR was filed in good faith. For example, while NuSil contends that it needed time to research the citizenship of its members, (see Dkt. 1, NOR at ¶ 4; Dkt. 1-1, Broad Decl. at ¶ 17), the court notes that, as of June 2019, NuSil was named as a defendant in another case in this District where NuSil maintained that it was a citizen of California. (See, e.g., Mary Sewell, et al. v. Mentor Worldwide, LLC, et al., SA CV 19-1126 AB (PLAx) (C.D. Cal.), Dkt. 1, NOR & Dkt. 1-10, Declaration of Stacy Broad). In any event, NuSil was, at a minimum, aware of its citizenship as of February 26, 2020, when it joined in Praxair's removal in Sanchez I. Otherwise, NuSil's counsel arguably violated Rule 11 of the Federal Rules of Civil Procedure by filing a document for which counsel did not conduct a reasonable inquiry with respect to NuSil's citizenship in Sanchez I. See Fed. R. Civ. P. 11(b)(3); see, e.g., Valenciano v. FCA US LLC, 2020 WL 1699552, *3 (C.D. Cal. 2020) ("The Court must remind [defendant's] counsel of the obligation of an attorney under Rule 11 of the Federal Rules of Civil Procedure not to remove a case to federal court unless it has a factual and legal basis for doing so."). In short, the court finds that NuSil was aware of its citizenship as of February 26, 2020, when it filed the joinder in Praxair's removal in Sanchez I and thus the filing of the instant NOR was untimely. See 28 U.S.C. § 1446(b)(1).

Finally, even assuming NuSil was not aware of its own citizenship,[3] there is no doubt that it was in a better position than plaintiff to investigate its own citizenship. See, e.g., Letuligasenoa v. Int'l Paper Co., 2014 WL 2115246, *5 (N.D. Cal. 2014)("[I]n evaluating whether a removing defendant has met its burden, it is proper for courts to consider which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met."); Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009) (noting that "a federal court may consider which party has better access to the relevant information" when determining the amount in controversy). In other words, there is no doubt that, had NuSil applied "a reasonable amount of intelligence," see Kuxhausen, 707 F.3d at 1140, could have easily ascertained removability within 30 days of being served with the Complaint by determining its own citizenship. See e.g., Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) ("In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, . . . a defendant who does not timely assert the right to remove loses that right."); E & J. Gallo Winery v. Encana Energy Servs., Inc., 388 F.Supp.2d 1149, 1161-62 (E.D. Cal. 2005) (noting in forum selection context that a "party cannot sit on its . . . rights").

---

[3] In that instance, NuSil should not have joined and consented to the earlier removal, which was based on diversity jurisdiction. See Fed. R. Civ. P. 11(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3329 FMO (ASx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Barbara Sanchez v. Does 1 through 100, et al. | | |

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion **(Document No. 11)** is **granted in part** and **denied in part**. The Motion is denied as to fees and costs.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Santa Barbara, 1100 Anacapa Street, Santa Barbara, CA 93101.

3. The Clerk shall send a certified copy of this Order to the state court.

4. Any pending motion is denied as moot.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |